| | |
|---|---|
| 1 | LAWRENCE G. BROWN<br>Acting United States Attorney |
| 2 | DEANNA L. MARTINEZ<br>Assistant United States Attorney |
| 3 | United States Courthouse<br>2500 Tulare Street, Suite 4401 |
| 4 | Fresno, California 93721<br>Telephone: (559) 497-4000 |
| 5 | Facsimile: (559) 497-4099 |
| 6 | Attorneys for Plaintiff |

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:09-CV-00708-LJO-GSA |
| Plaintiff, | ) | |
| v. | ) | |
| EMACHINE COMPUTER TOWER, MODEL D2123, SERIAL NUMBER CCA64I0003006; | ) | **CONSENT JUDGMENT OF FORFEITURE** |
| 100 GB SEAGATE HARD DRIVE, MODEL ST3100011A, SERIAL NUMBER 4LHOW3AB; | ) | |
| MEMOREX 32 MB USB DRIVE; and, | ) | |
| SONY DIGITAL CAMERA AND MEDIA CARD, SERIAL NUMBER 6519487, | ) | |
| Defendants. | ) | |
| THOMAS BONES, | ) | |
| Potential Claimant. | ) | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On August 7, 2008, Thomas Bones was indicted pursuant to 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B). The Indictment included a forfeiture count pursuant to 18 U.S.C. § 2253 and listed the above-captioned property.

2. On or about December 20, 2007, a state search warrant was executed at Thomas Bones' residence. In searching the residence, officers located an Emachine computer tower, Model D2123, serial number CCA64I0003006; 100 GB Seagate hard drive, model ST3100011A, serial number 4LHOW3AB; Memorex 32 MB USB drive; and a Sony digital camera and media card, serial number 6519487 (hereafter "defendant computer equipment").

3. On or about February 9, 2009, a plea agreement was entered in *U.S. v. Thomas Bones*, 1:08-CR-00250-LJO, wherein Thomas Bones pled guilty to a violation of 18 U.S.C. § 2252(a)(4)(B) - Possession of Material Involving the Sexual Exploitation of Minors. Thomas Bones has agreed to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture as set forth in the Indictment. The defendant computer equipment was listed in the forfeiture allegation of the Indictment. Thomas Bones' agreement to forfeit the defendant computer equipment was inadvertently left out of the plea agreement.

4. Thomas Bones acknowledges that he is the sole owner of the defendant computer equipment and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant computer equipment, Thomas Bones shall hold harmless and indemnify the United States, as set forth below.

5. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

6. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

7. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

///

1. 9. All right, title, and interest in the defendant computer equipment seized on or about December 20, 2007, shall be forfeited to the United States pursuant to 18 U.S.C. § 2254, to be disposed of according to law.

10. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and forfeiture of the defendant computer equipment. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

11. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant computer equipment, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

12. All parties will bear their own costs and attorneys' fees.

**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described computer equipment.

IT IS SO ORDERED.

**Dated:   April 30, 2009**             /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE